Mark D. Mailman, I.D. No. MDM 1122
Geoffrey H. Baskerville, I.D. No. GB 2716
FRANCIS MAILMAN SOUMILAS, P.C.
1600 Market Street, Suite 2510
Philadelphia, PA 19103 (215) 735-8600

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **LANCE WILLIAMS** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **CIVIL ACTION NO:** |
| v. ) | |
| ) | **COMPLAINT** |
| **DATALINE VERIFICATION CO** ) | |
| **LLC** ) | **JURY TRIAL DEMANDED** |
| ) | |
| **Defendant.** ) | |
| ) | |
| ) | |

## PRELIMINARY STATEMENT

1. This is an action for damages brought by an individual consumer against the Defendant for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 *et seq.*, *as amended*.

2. Under the FCRA, "consumer reports" subject to the statute's protections include not simply those used in establishing the consumer's eligibility for credit, but also those used for "employment purposes." 15 U.S.C. § 1681a(d)(1)(B).

3. Defendant Dataline Verification Co LLC is a consumer reporting agency which provides background and employment screening services, and decision-making intelligence to prospective employers.

4. The FCRA was enacted "to ensure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy," 15 U.S.C. § 1681(a)(4), by operating "in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy" of the consumer information they disseminate. 15 U.S.C. § 1681(b).

## JURISDICTION AND VENUE

5. Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

6. Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

## PARTIES

7. Plaintiff Lance Williams is an adult individual who resides in the State of New Jersey.

8. Defendant Dataline Verification Co LLC is a consumer reporting agency which provides background and employment screening services, risk-management services and products, information management products and services, and decisions-making intelligence. Dataline Verification Co LLC regularly conducts business in the District of New Jersey and has a principal place of business located at 34 Preston Rd Parsippany, NJ, 07054-4317

## FACTUAL ALLEGATIONS

9. Defendant has been reporting derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's background to third parties (hereafter the "inaccurate information").

10. The inaccurate information includes a false criminal history labeling the Plaintiff as being convicted of a felony, and personal identifying information.

11. Specifically, the inaccurate information includes, but is not limited to, a felony conviction for robbery, which does not belong to Plaintiff, but instead belongs to another individual with the same or similar name as Plaintiff's.

12. The inaccurate information negatively reflects upon the Plaintiff and misidentifies Plaintiff as a person with a felony conviction. It appears that Defendant, as a result of its unreasonable procedures, produced a consumer report that identified Plaintiff as having a felony conviction for robbery mixed criminal history with that of another person.

13. Defendant has been reporting the inaccurate information through the issuance of false and inaccurate background information and consumer reports that it has disseminated to various persons and prospective employers, both known and unknown.

14. Plaintiff has been denied in employment opportunities, including but not limited to, employment opportunities with Montclair College in April 2021. Plaintiff has been informed that the basis for these denials was the inaccurate information that appears on Plaintiff's consumer report with Defendant and that the inaccurate information was a substantial factor for those denials.

15. Defendant failed to follow reasonable procedures to assure the maximum possible accuracy of the information it reported about Plaintiff. Had Defendant followed such procedures it would not have falsely reported a felony on Plaintiff's consumer report.

16. As of result of Defendant's conduct, Plaintiff has suffered actual damages in the form of lost employment opportunities, harm to reputation, and emotional distress, including humiliation and embarrassment.

17. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendant herein.

18. At all times pertinent hereto, the conduct of the Defendant, as well as that of its agents, servants and/or employees, was intentional, willful, reckless, and in grossly negligent disregard for federal law and the rights of the Plaintiff herein.

## COUNT ONE – VIOLATIONS OF THE FCRA

19. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

20. At all times pertinent hereto, Defendant was a "person" and a "consumer reporting agency" as those terms are defined by 15 U.S.C. §§ 1681a(b) and (f).

21. At all times pertinent hereto, the Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

22. At all times pertinent hereto, the above-mentioned background report was a "consumer report" as that term is defined by 15 U.S.C. § 1681a(d).

23. Pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, Defendant is liable to Plaintiff for willfully and negligently failing to comply with the requirements imposed on a consumer reporting agency pursuant to 15 U.S.C. § 1681e(b).

24. The conduct of Defendant was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff outlined more fully above and, as a result, Defendant is liable to the Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorney's fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## JURY TRIAL DEMAND

25. Plaintiff demands trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendants, based on the following requested relief:

(a) Statutory damages;

(b) Actual damages;

(c) Punitive damages;

(d) Costs and reasonable attorney's fees; and

(e) Such other and further relief as may be necessary, just and proper.

## DESIGNATION OF TRIAL COUNSEL

Plaintiff hereby designates Geoffrey H. Baskerville as trial counsel in the above-captioned matter. Plaintiff reserves the right to amend this designation as necessary.

## ARBITRATION CERTIFICATION

I, Mark D. Mailman, counsel of record do hereby certify pursuant to Local Civil Rule 201.1(d) that relief other than monetary damages is sought and that the damages sought are in excess of $150,000.  I further certify that, to my knowledge, the within case is not the subject of any action, arbitration or administrative hearing now pending in any court.

Respectfully submitted,

**FRANCIS MAILMAN SOUMILAS, P.C.**

BY:   */s/ Mark D. Mailman*
MARK D. MAILMAN, ESQUIRE
GEOFFREY H. BASKERVILLE, ESQUIRE
1600 Market Street, Suite 2510
Philadelphia, PA 19103
(215) 735-8600
Attorneys for Plaintiff

Dated: June 16, 2021